IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

**JOHN HENRY SYMONS,**     CASE NO. 8:14-bk-14330-CED
                          CHAPTER 13
　　Debtor.
_____/

## MOTION FOR VIOLATION OF AUTOMATIC STAY, CREDITOR MISCONDUCT AND REQUEST FOR ATTORNEY'S FEES (KENT COUNTY TREASURER o/b/o KENT COUNTY - SEWER OPERATIONS)

**COMES NOW** the Debtor, JOHN HENRY SYMONS, by and through his undersigned Counsel and hereby files this Motion for Violation of Automatic Stay, Creditor Misconduct and Request for Attorney's Fees against Kent County, o/b/o Kent County – Sewer Operations, and as grounds therefore states:

1.　　Plaintiff filed his Chapter 13 case on December 10, 2014, and his Chapter 13 Plan was confirmed on July 22, 2015, (Doc #43).

2.　　The real property at issue in this motion is located at 161 Mayor Lane, Felton, Delaware 19943, which has been vacant for more than a year and which was surrendered by the Debtor. A Motion to Compel Vestment of Secured Property to Secured Creditors Upon Confirmation (Doc #23) was filed March 3, 2015, and was subsequently ordered on April 30, 2015, (Doc #36).

3.　　The gravamen of this motion is that despite Debtor's filing of bankruptcy, the filing of proofs of claim by creditor, Kent County Treasurer, o/b/o Kent County–Sewer Operations, (hereinafter, "Kent County"), and upon service upon the creditor of the aforementioned Motion to Compel Vestment of Secured Property and the Order granting same, Kent County has willfully continued to send to Debtor statements for past due and current charges for sewer services as described on the attached exhibits since the filing of his

1

Chapter 13 case, and is in violation of the bankruptcy automatic stay pursuant to 11 U.S.C. §105(a) and 11 U.S.C. §362(k).

## CAUSE OF ACTION

4. Attached hereto as Exhibit "A" is a copy of correspondence from Kent County Department of Finance dated December 18, 2014, signed by Accountant Lori A. Caloway. Although she acknowledges receipt of notice of the filing of Debtor's bankruptcy petition in paragraph one of her letter, in paragraphs three and four she informs Debtor that he is responsible for future (sewer) bills and that he "…will receive a separate sewer bill for the bankruptcy account."

5. A "cease and desist" letter from undersigned counsel, (attached hereto as Exhibit "B"), was sent to Kent County via regular U.S. Mail and via facsimile on December 31, 2014.

6. In March 2015, Debtor received another statement from Kent County, (attached hereto as Exhibit "C") showing a billing date of March 15, 2015, for the amount of $169.28. This statement was addressed to Debtor and his former spouse, Michele Rose Symons, who filed her Chapter 7 Case No. 8:14-bk-14726-CPM on December 19, 2014, and was subsequently discharged of March 24, 2015. She also included Kent County as a creditor in her Chapter 7 case.

7. On April 1, 2015, Debtor notified paralegal for undersigned counsel that he had received another monthly statement from Kent County, also showing a billing date of March 15, 2015, for the amount of $479.21, this time addressed only to him, (attached hereto as Exhibit "D").

8. On April 9, 2015, undersigned's paralegal communicated via email to counsel for Kent County that Debtor had received a "recent statement" from Kent County, and that rendering of same was in violation of the bankruptcy automatic stay. Attorney Rebecca

Kidner acknowledged receipt of the message that same date and replied that she would "...instruct them accordingly." (A copy of the email transmission and statement in question are attached hereto as Exhibit "E".)

9. In June 2015, Debtor received correspondence dated June 17, 2015, and a copy of a "corrected bill" bearing a billing date of June 15, 2015, for the amount of $258.92 from Kent County, (attached hereto as Exhibit "F"). This statement was addressed to Debtor and his former spouse, Michele Symons.

10. In September 2015, Debtor received two (2) quarterly statements from Kent County both bearing a billing date of September 15, 2015, (attached hereto as Exhibits "G" and "H" respectively). Statement labeled Exhibit "G" in the amount of $352.31 was addressed to Debtor and his former spouse, Michele Symons, while statement labeled Exhibit "H" in the amount of $479.21 was addressed to Debtor.

11. In December 2015, Debtor received three (3) quarterly statements from Kent County all bearing a billing date of December 15, 2015, (attached hereto as Exhibits "I", "J" and "K" respectively). Statement labeled Exhibit "I" in the amount of $83.39 was addressed to Debtor and his former spouse, Michele Symons, statement labeled Exhibit "J" showing no amount due was addressed to Debtor, and statement labeled Exhibit "K" marked CORRECTED BILL" in the amount of $479.21 was addressed to Debtor.

12. In December 2015, Debtor received correspondence from Kent County Department of Finance dated December 18, 2015, (attached hereto as Exhibit "L"), notifying Debtor of the production of a fourth (4th) statement (attached hereto as Exhibit "M"), bearing the billing date of December 15, 2015. This statement was also marked "CORRECTED BILL" and was for the amount of $449.45 and addressed to Debtor and his former spouse, Michele Symons.

13. In March 2016, Debtor received two (2) quarterly statements from Kent County both bearing a billing date of March 15, 2016, (attached hereto as Exhibits "N" and "O" respectively). Statement labeled Exhibit "N" in the amount of $550.34 was addressed to Debtor and his former spouse, Michele Symons, while statement labeled Exhibit "O" in the amount of $479.21 was addressed to Debtor.

## FACTS

14. At the time of the filing of his Chapter 13 case, Debtor was indebted to Kent County for sewer services in the amount of $461.26.

15. Kent County Sewer Operations was listed in Debtor's Schedule F as an unsecured creditor with an address of PO Box 1175, Dover, DE 19903. (A copy of Sheet 3 of 6 of Debtor's Schedule F is attached hereto as Exhibit "P").

16. The property subject of this action is Debtor and former spouse's former marital home located at 161 Mayor Lane, situated in Felton, in Kent County, Delaware, and more particularly described as:

> ALL that certain lot, tract, piece or parcel of land in the Town of Felton, South Murderkill Hundred and State of Delaware, known as Lot #61 Hidden Pond Subdivision as recorded in Plat Book 67, Page 21.
>
> AND BEING the same lands and premises as conveyed unto Trey, Inc. by Deed of Asset Developers, LLC, by Deed dated July 14, 2004, and recorded in the office of the Recorder of Deeds in and for Kent County, State of Delaware in Deed Record Book 633 page 284.

17. The Mayor Lane property was surrendered by both the Debtor and his former spouse in their respective bankruptcy cases. Neither have lived at the property since 2013.

18. The deadline for filing a proof of claim in the Debtors' Chapter 13 case was April 13, 2015. Kent County filed its Claim #3 on December 29, 2014, and its subsequent amended claims 3-2 on January 29, 2015, and 3-3 on March 9, 2015. No claim of Kent County is being paid through the Debtor's Chapter 13 Plan.

19. The repetitive statements being sent to Debtor and his former spouse, Michele Symons, reflect two (2) separate accounts for what appears to be the same piece of property.

20. Debtor filed his Motion to Compel Vestment of Secured Property to Secured Creditors Upon Confirmation (Docket No. 23) on March 3, 2015, a hearing was held April 6, 2015, and an Order granting same (Docket No. 36) was entered on April 30, 2015. Kent County was noticed of the action and received notification by proper service.

### COUNT I: AUTOMATIC STAY AS IT APPLIES TO THE DEBTOR

21. Section 362 stays action to collect a debt. Specifically, §362(a)(6) protects the Debtor from creditors that are acting in <u>any</u> capacity to collect, assess, or recover a claim against them that a before the commencement of the bankruptcy proceeding.

22. Debtor is enjoined by the automatic stay from creditor attempts to collect a debt, including having monies withheld to reimburse pay back the debt from payments due to Debtor without any prior authorization.

23. The filing of a bankruptcy petition effectuates automatic stay of all proceedings against the Debtor effective the date the petition is filed, and actions taken in violation of the stay are void, even if there is no actual notice of the stay. (*Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas,* 522 So.2d. 465 Fla.App. 4 Dist, 1988)

24. Kent County, o/b/o Kent County – Sewer Operations has failed to follow the Bankruptcy Code in following specific procedures in the collection of their debt.

25. Kent County, o/b/o Kent County – Sewer Operations failed to file any motion or adversary complaint objecting to confirmation of the Debtor's Chapter 13 Plan.

### COUNT II: THE COLLECTION OF A DEBT BY KENT COUNTY, O/B/O KENT COUNTY – SEWER OPERATIONS VIOLATES THE AUTOMATIC STAY

26. Once a creditor receives notice of a Chapter 13 bankruptcy filing, the creditor has an affirmative duty to undo its violations of automatic stay. (*In re Keen,* 301 B.R. 749 Bkrtcy. S.D. Fla 2003)

27. There can be no doubt that the creditor had knowledge of the Debtor's pending bankruptcy case.

28. Kent County, o/b/o Kent County – Sewer Operations was listed in Debtor's Schedule F as an unsecured creditor and subsequently listed on the court mailing matrix, both with an address of PO Box 1175, Dover, DE 19903.

29. Since the onset of Debtor's Chapter 13 case, Kent County, o/b/o Kent County – Sewer Operations has continued to violate the automatic stay.

30. Debtor and undersigned counsel have made several good-faith attempts to notify the creditor of the pendency of the Chapter 13 case.

31. Kent County, o/b/o Kent County – Sewer Operations' actions of continuing to collect by the presentation of not just one (1) billing statement, but two (2) billings for two (2) separate accounts for the same property without an order of this Court are in direct violation of the automatic stay.

## COUNT III: VIOLATION OF THE STAY AS WILLFUL

32. Kent County, o/b/o Kent County – Sewer Operations has acted with blatant disregard to the United States Bankruptcy Court rules and procedures.

33. Kent County, o/b/o Kent County – Sewer Operations, c/o Kent County Treasurer was listed as a creditor on Debtors' bankruptcy petition filing and had been advised of his pending bankruptcy.

34. Based on Kent County, o/b/o Kent County – Sewer Operations' deliberate actions, the creditor has willfully violated the automatic stay in place for the Debtor.

35. A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay (*In re Hedetneimi* 297 B.R. 837 Bkrtcy. M.D. Fla 2003).

## COUNT IV: DEBTOR WAS INJURED BY CREDITOR MISCONDUCT

36. Section 362(h) provides that those violating the automatic stay may be found liable for damages under Section 362 of the Bankruptcy Code is their violation was "willful".

37. Kent County, o/b/o Kent County – Sewer Operations has deliberately and intentionally continued to harass the Debtor and his former spouse, Michele Symons.

38. Debtor filed for bankruptcy and believed he was relieved from the pressure and harassment from creditors seeking to collect their claims.

39. However, Kent County, o/b/o Kent County – Sewer Operations has failed to abide by the terms of the bankruptcy automatic stay, has continued to collect on a debt and has caused the Debtor to suffer from emotional distress.

40. Debtor has been injured by Kent County, o/b/o Kent County – Sewer Operations' actions to collect the debt.

41. Kent County is not entitled to sovereign immunity. Colon, 102 B.R. 421 (E.D. PA 1989) contains a thoughtful discussion of rights of governmental powers and the interplay with the bankruptcy stay. Section 106 of the Bankruptcy Code provides that sovereign immunity is abrogated as to states and municipalities with respect to §362, among others. The recent Supreme Court decision in Hood v. Tennessee Student Aid confirmed that the states were bound to recognize the bankruptcy discharge, claims of sovereign immunity notwithstanding. See also Krystal Energy Co. v. Nation, 357 F.3d 1055, 1057 (9th Cir. 2004) as amended, 2004 U.S. App. LEXIS 6488 (9th Cir. Ariz. Apr. 6, 2004).

## DAMAGES

WHEREFORE, Section 362(k) provides that the court shall award an individual Debtor allowable punitive damages and attorney's fees, and such other and further relief as this Court shall find just. The Debtor's damages include:

a) Debtor's reasonable Attorney's Fees in the amount of $400.00; and

b) Debtor has suffered interruption, annoyance, and continuing anxiety as he has been forced to deal with the intentional and harassing stay violation of Kent County.

---

I, JOHN H. SYMONS, named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing Motion For Violation Of The Automatic Stay, Creditor Misconduct And Request For Attorney's Fees, and the information contained in this verified document is true and correct to the best of my knowledge, information and belief. I understand that this verified document is to be filed in electronic form with the United States Bankruptcy Court in connection with the above captioned case.

_/s/ John H. Symons_  Date: 4/22/16
JOHN HENRY SYMONS


Respectfully submitted this 22nd day of April, 2016.

/s/ Nancy L. Cavey
Nancy L. Cavey, Esquire
FL Bar #300934
Sunshine State Bankruptcy Law Firm, LLC
821 16th St N, Suite A
St Petersburg, FL 33705
727.258.4999
727.289.7035 fax
cavey@tampabay.rr.com
Attorney for Debtor


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion For Violation Of The Automatic Stay, Creditor Misconduct And Request For Attorney's Fees has been provided to the following parties in interest by either U.S. Mail or electronic mail to:

Office of the U.S. Trustee
Timberlake Annex
501 E. Polk Street, Ste. 1200
Tampa, FL 33602

Kelly Remick
Chapter 13 Trustee
PO Box 6099
Sun City, FL 33571

and by U.S. Certified mail, return receipt requested to:

| | |
|---|---|
| Rebecca Batson Kidner, Esq.<br>Attorney for Kent County<br>9 East Loockerman Street<br>Suite 309<br>Dover, DE 19901 | Kent County Treasurer<br>o/b/o Kent County Sewer Operations<br>PO Box 1175<br>Dover, DE 19903 |

Susan Duram
Kent County Treasurer & Finance
Director
Department of Finance
Kent County Levy Court
555 Bay Road
Dover, DE 19901

on this 22nd day of April, 2016.

*/s/ Nancy L.Cavey*
Nancy L. Cavey, Esquire